## FRANCIS D. RICE v. HUGH L. McREYNOLDS AND FRANK B. McELWEE *et al.*

1. HUSBAND AND WIFE.　*Choses in action of wife.*　A husband is entitled to receive and reduce to possession during coverture all *choses in action*, whether in the form of notes, debts or legacies, belonging to the wife at the time of her marriage, or accruing to her afterwards.

2. SAME.　*Same.*　If the husband fail to reduce them to possession during the coverture, and survive the wife, then his administrator is entitled to them and may sue for and recover the same; but if the wife survive her husband, then she is entitled to all such *choses in action* as have not been actually reduced to possession by the husband.

3. SAME.　*Same.*　*Reduction to possession by husband.*　A wife was entitled to a legacy and was owner of bank stock, the husband received the legacy, receipting for it in his wife's name, and the bank stock was transferred to him by her; *held,* he had reduced them to possession, and she surviving him, was not entitled to recover.　Sec. 2488 of the

Rice *v.* McReynolds.

Code refers to receipt of funds in court, and not to receipt of a legacy in the hands of an executor, where the money is not brought under the control of the court.

FROM BRADLEY.

Appeal from the Chancery Court at Cleveland.  W.· M. BRADFORD, Ch.

J. H. GAUT for complainant.

A. BLIZZARD for defendants.

FREEMAN, J., delivered the opinion of the court.

The only questions presented in ·this case are, whether the complainant is entitled to recover the amount of the legacy of his wife from her father's estate, received by him during their coverture, and also the $2,000 of bank stock in the Cleveland bank.

The chancellor decreed that she was not entitled to recover the legacy, but was entitled· to the bank stock, and dividends accrued on the same after the ·death of her husband.

We take it to be too clear for argument, or need of authority, that a husband is entitled to receive and reduce to possession during coverture all choses in action, whether in the form of notes, debts or legacies, belonging to the wife at the time of their marriage, ·or accruing to her afterwards. ˙ As to what has been held choses in action for this purpose, see Wait's Action and Def., vol. 3, p. 639.

If he fail to reduce them to possession during the coverture, and survive the wife, then his administrator or personal representative is entitled to them, and may sue for and recover the same *Tune* v. *Cooper*, 4 Sneed, 299. Should the wife survive her husband, then she is entitled to all such choses in action as have not been actually reduced to possession by the husband. This is elementary law, and admits of no doubt as being the law of our State.

The only question then is, were the choses in controversy reduced to possession by the husband during the coverture. It is beyond all question the legacy was received by him and appropriated to his own use. He was the executor (or one of them) of the estate of his wife's father, and as such, receipted for the amount due his wife, in her name, obtained possession of the money, and used and appropriated it as his own. It is very satisfactorily shown (if this were necessary), that this was done with the assent of the wife. It was done years before his death, and it clearly appears that she had not thought of making any claim for this fund till some time after the death of the husband. In fact the bill goes on the theory that he did receive and use this money received from the legacy, but that this was not authorized legally by the wife, because not received by virtue of any power of attorney from her, or legal authority from her.

The contention is based on an entire misapprehension of our statutes on the subject. They have no application to such a case whatever. Sec. 2483 of the Code, it is true, provides for paying out proceeds of

real or personal property upon privy examination by the court or a commissioner, or under a power of attorney by husband and wife, with privy examination as in other cases. But this only has reference to proceeds of her property when sold by order or decree of a court, or when in court, and not to the receipt of a legacy in the hands of an executor, where the money is not brought under the control of a court at all. See these provisions more fully embodied in secs. 3319–20, under the title Partition. We need not refer to other sections of the Code urged in argument, as they clearly have no bearing on the question before us.

It follows necessarily from the principle that the husband has the right to reduce to possession, and appropriate when so reduced, the choses in action of the wife, that he may sue for them, or may assign or transfer them as he chooses, subject, however, to the right of survivorship, in a case like this, in the hands of the assignee, until such assignee has reduced the chose into possession himself: See 3d vol. Wait's Act. and Def., p. 641. We need but say, the chancellor's decree was correct as to the legacy.

As to the bank stock, it being a chose of peculiar nature, the reduction to possession is effectual, not by the collection of the money paid for the stock, or which it represents, but by transferring the stock in his own name, with the purpose of making it his own, or, more accurately, such transfer works the result, unless it be clearly shown that it was done in trust for his wife, or another, or for some other pur-

pose than to vest the title in himself: Wait, vol. 3, 645.

It is earnestly argued that this transfer was made only in trust for the wife, and was not, and indeed could not have been made by the wife, so as to defeat her rights. We take it to be too clear for argument, that the husband having the right, by virtue of his marriage, to reduce the chose to possession, had also the right to use the necessary means of effecting that right, and this with or without the consent of the wife. The fact that she assented by signing the transfer, being accepted by him, could not render the act less effectual.

The testimony in this case shows clearly that the assignment was made to the husband, in writing on the stock books of the bank at the request of the wife, in the absence of the husband, and no contract to hold in trust, or act as the agent of the wife is shown. A parol trust in this case, the assignment being in writing and absolute on its face, would have (to say the least of it) to be made out by the clearest and most satisfactory evidence.

The contention of complainant, that it was done in trust for the wife, is *prima facie* rebutted by the fact that the assignment was made under her direction, and such purpose is not stated in the writing. If such purpose had existed, the most natural thing in the world was to have so said in the written assignment, and thus have cut off all future doubt or difficulty in establishing the trust.

We need only say in addition, that the weight of

Rice *v.* McReynolds.

the proof leaves no doubt that the trust now sought to be established is an after thought, and suggested as the result of irritations growing up after the death of the husband, between the widow and parties interested in her husband's estate. It appears very satisfactorily, that the wife, in the life-time of her husband, held the theory that there should be no separate or antagonistic interests in property, as between herself and husband. They mutually acted on this principle, one, in the larger number of cases, the soundest and most conducive to the happiness of that relation. It is too late now to assert the contrary, after the law has fixed the rights of parties, and the husband has died.

The result is, the chancellor's decree is affirmed as to the legacy, and reversed as to the bank stock, and the bill dismissed with costs.